**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000777
11-OCT-2019
07:53 AM**

NO. CAAP-18-0000777

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MOHAMAD A. ZOWAIL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DCC-17-0017396)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Mohamad A. Zowail (**Zowail**) appeals
from the September 12, 2018 Judgment and Notice of Entry of
Judgment (**Judgment**) entered by the District Court of the First
Circuit, Honolulu Division (**District Court**).[1]  Zowail was
convicted of Use unlawful for certain business purposes, in
violation of Revised Ordinances of Honolulu (**ROH**) Sec. 29-5.1
(1990), and sentenced to pay a $100.00 fine.

On appeal, Zowail contends that there was insufficient
evidence to support his conviction.

Upon careful review of the record and the briefs
submitted by the parties, and having given due consideration to

---

[1]  The Honorable Florence Nakakuni presided.

the arguments advanced and the issues raised by the parties, we resolve Zowail's contentions as follows:

ROH Sec. 29-5.1 provides:

**Sec. 29-5.1  Use unlawful for certain business purposes.**
(a)  It is unlawful for any solicitor or canvasser to engage in business on any public street, sidewalk or mall where such person's operation tends to, or does impede or inconvenience the public or any person in the lawful use of such street, sidewalk or mall.
(b)  "Solicitor or canvasser," as used in this article, means any person, traveling by foot, or any other type of conveyance, or by wagon, automobile, motor truck, taking or attempting to take orders for sale of goods, wares, merchandise or other personal property for future delivery, or for services to be furnished or performed in the future, whether or not such person carries or exhibits any samples or collects advance payments on sales. The term shall also include any person who, for oneself or for another hires, leases, uses or occupies any building, structure, tent, room, shop, vehicle or any other place for the sole purpose of exhibiting samples and taking orders for future delivery.

Zowail argues that there was insufficient evidence that he was a solicitor or canvasser within the meaning of ROH Sec. 29-5.1(b). The evidence at trial included testimony of two law enforcement officers, which the District Court found to be credible, and which included the following:  Zowail was set up on a sidewalk in front of the Galleria on Kalakaua Avenue in Waikiki, a public way, street, road or highway, in the City and County of Honolulu.  He was doing an art performance, speaking to a crowd through a headset and speaker, spraying his canvas on a four foot by two foot table that had various spray paint cans, a blow torch, art supplies, canvasses, and pens, and there was a "donation box" in the front.  Zowail was heard by the officers saying to people that the canvases cost $75, that people could take the canvasses with them, and they came with protective tubes so that the canvases would not get damaged on the plane ride

home.   Notwithstanding Zowail's testimony that he was not selling his artwork, and his argument that the officers did not see any transactions take place, viewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence that Zowail was a solicitor or canvasser within the meaning of ROH Sec. 29-5.1(b).   See, e.g., State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (stating the standard of review on a challenge to the sufficiency of the evidence at trial).

Zowail also argues that his operation did not impede or inconvenience the public or any person by virtue of the crowd that gathered around his table and even taking the crowd into consideration, the State failed to establish that Zowail's operation had impeded or inconvenienced a person in the use of a public sidewalk.   In addition to the above, Officer Aaron Luther testified that, over a period of about ten minutes, he observed a large crowd forming around Zowail's table and he noticed that people were having a hard time accessing and using the sidewalk. The crowd was several people deep, and passers-by, including at least one male in a wheelchair and approximately three mothers with strollers, were forced to enter the Galleria behind the sidewalk to get around the back of the crowd.   Sargeant Zane Hamrick testified that he also watched Zowail's operation for five to ten minutes, that the crowd around Zowail blocked the entire sidewalk, that it was packed so tightly that a person would have to pry his or her way through the crowd, and that there was no space on the sidewalk that a wheelchair or stroller

3

could pass through. Notwithstanding contrary evidence, *inter alia*, that at times the crowd was smaller and the public was not fully impeded in its use of the sidewalk, viewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence that Zowail's operation tended to, or did, impede or inconvenience the public or any person in the lawful use of a public sidewalk, as proscribed by ROH Sec. 29-5.1(b).

Accordingly, the District Court's September 12, 2018 Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 11, 2019.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge